Morris **KOSCOVE**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

Sam **KOSCOVE**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

Nos. 4997, 4998.

United States Court of Appeals
Tenth Circuit.

May 14, 1955.

George T. Evans, Denver, Colo., for petitioners.

Joseph F. Goetten, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Louise Foster, Special Assts. to the Atty. Gen., were with him on the brief), for respondent.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

These are appeals from a judgment of the Tax Court affirming tax deficiency assessments and fraud penalties against petitioners for the years, 1941, 1942, 1945 and 1946, and a small tax deficiency assessment against Sam Koscove for the year 1944. The two cases were consolidated for trial and also on appeal and involve identical issues of fact. The parties stipulated before the Tax Court that the only issues for decision were (1) should $30,000 accounts payable be included in the liabilities of the partnership of Sam and Morris Koscove as of December 31, 1940, and (2) are petitioners liable for fraud for any of the years 1941, 1942, 1945 and 1946. The Tax Court found each of these issues against petitioners.

Petitioners agree that the amount of additional taxes assessed for the years 1942, 1945 and 1946 are correct. They challenge only the correctness of the additional tax assessment for the year 1941 and the assessment of a 50% fraud penalty on the deficiencies for all the years in question. In other words, they contend that under the facts of the record fraud penalties were not warranted and were erroneously assessed.

Petitioners kept no adequate books or records from which a computation of their tax liability could be made and the Commissioner was required to and did reconstruct their financial structure by means of the net worth method. Petitioners do not challenge the applicability of the net worth method or the manner in which it was applied, save only with respect to the manner in which it was applied in determining the partnership net worth at the end of 1940. As pointed out, they challenge the manner in which the method was used in determining the net worth at the end of 1940 only with respect to the treatment accorded a $30,000 item presently to be noted.

During the years in question, petitioners were partners in the junk and scrap metal business under the name of Canon Auto Wrecking Company. Their principal places of business were Canon City and Colorado Springs, Colorado. Sol Koscove and Myer Koscove were younger brothers of the two partners. Following their graduation from high school in 1934 and 1935, respectively, they went to work buying scrap metal for the partnership with funds furnished by it. Junk so purchased was hauled to the junk yard where it was put in one pile. It was understood by the parties that the two younger brothers would be entitled to share in the proceeds when the scrap would be sold. In the meantime, Sol and Myer drew from the business only enough to live on and support their mother with whom they were living.

Prior to 1941, the younger brothers had received as such no part of the proceeds of scrap metal that had been sold. In February, 1941, Sol withdrew from a partnership bank account $15,000, having previously told Morris Koscove of his intention to draw on the account. In July, 1941, Myer Koscove likewise withdrew from the bank account $15,000. Both deemed the amount so withdrawn to be a part of their share of the proceeds of scrap already sold. Though petitioners have not authorized their withdrawals, they did not ask the younger brothers to restore the amounts so withdrawn.

The whole controversy, save with respect to the imposition of the fraud penalties, centers around this item of $30,000. In reconstructing the financial structure of the partnership as of December 31, 1940, for the purpose of determining the increase, if any, in capital assets during 1941, the Commissioner treated this item as a debt the partnership owed the two younger brothers. He accordingly listed it as an account payable. This, of course, reduced the net worth of the partnership as of the end of 1940, resulting in a greater taxable income by that amount in 1941.

■■ We think the Commissioner's determination, approved by the tax court, that the partnership was indebted by the end of 1940 to the two younger brothers at least in the amount withdrawn is supported by the record.[1] The facts are that the younger brothers had worked for the partnership approximately seven years, during which time they had received only living expenses. No doubt during that time large quantities of metal brought in by them had been sold. The inference is strong that the withdrawal of this sum did not discharge the full liability of the partnership to them. Obviously, at the end of 1940, the partnership was indebted to them. Treating this amount as a liability of the partnership would tend to reflect the

---

1. The specific finding by the tax court was that "Petitioners' total obligation to Sol

and Myer was not discharged by the above mentioned withdrawal of $30,000."

true net worth of the partnership at the end of 1940. The Commissioner's determination is prima facie correct and the burden of overcoming the presumption of correctness lies with the taxpayer.[2] This burden petitioners have not met.

■ The final contention is that the returns for the years in question were not fraudulently filed and that therefore the assessment of fraud penalties was not justified. Fraud, of course, is never presumed and must be established by competent evidence. This is elementary and needs no citation of authority. The existence of fraud is ordinarily not susceptible of direct proof. It must generally be determined from surrounding inferences and circumstances fairly deductible from the conduct of the parties. In determining whether income tax returns were fraudulently filed, gross understatement of income, failure to keep proper books and records, failure to cooperate with investigating agents, and the giving of evasive answers are all proper factors to consider in determining the question of fraud.[3] All of these factors are present in this case. ·

■ The following is a schedule of the true income of petitioners for the years 1942, 1945 and 1946. 1941 is omitted because that year is in issue.

|  | Sam Koscove | Morris Koscove |
| --- | --- | --- |
| 1942 | $ 9,945.85 | $ 9,945.85 |
| 1945 | 19,617.85 | 19,617.85 |
| 1946 | 12,143.66 | 12,143.66 |

During these years petitioners reported the following income:

| 1942 | $ 4,607.40 | $4,607.40 |
| --- | --- | --- |
| 1945 | 2,854.50 | 2,854.50 |
| 1946 | 3,406.53 | 3,406.53 |

Here the correct income was from more than two times to more than six times the reported income. It is not only conceivable but it does happen frequently that taxpayers honestly make minor errors, or owing to different or contradictory theories of tax computation, calculate returns which differ greatly in result from the Commissioner's assessment.[4] But here we have gross understatement of income without any plausible excuse or explanation therefor. This has been held to constitute evidence of fraud.[5] During the investigation respondents made many contradictory and misleading statements concerning several business transactions. They made two different affidavits which they later repudiated. They admitted that the partnership's inventories were understated in an attempt to mislead local tax authorities and evade local taxes. As stated by the Tax Court, "This naive explanation is certainly pregnant with the admission that they had similar intentions as to Federal taxes." They made no pretense of keeping books or records from which true income could be determined. We agree with the Tax Court that a consideration of the entire record supports the conclusion that the returns in question were fraudulently filed.

Affirmed.

2. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623; Federal National Bank v. Commissioner, 10 Cir., 180 F.2d 494; A. & A. Tool & Supply Co. v. Commissioner, 10 Cir., 182 F.2d 300; Kenney v. Commissioner, 5 Cir., 111 F.2d 374; Hoefle v. Commissioner, 6 Cir., 114 F.2d 713.

3. Hoefle v. Commissioner, 6 Cir., 114 F.2d 713; Rogers v. Commissioner, 6 Cir., 111 F.2d 987; Halle v. Commissioner, 2 Cir., 175 F.2d 500.

4. Rogers v. Commissioner, 6 Cir., 111 F. 2d 987.

5. Hoefle v. Commissioner, 6 Cir., 114 F.2d 713; Rogers v. Commissioner, 6 Cir., 111 F.2d 987.