**Grace M. POWELL, Executrix of the Estate of O. E. Powell, Deceased, Plaintiff,**

v.

**Ralph C. GRANQUIST, District Director of Internal Revenue, Defendant.**

**No. 7837.**

United States District Court
D. Oregon.

Nov. 13, 1956.

309

Arthur D. Jones, Frederick A. Jahnke, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., Allen A. Bowden, Gilbert E. Andrews, Sp. Assts. to Atty. Gen., for defendant.

CLARK, District Judge.

This is a civil action to recover certain sums assessed as penalties for failure to file tax returns and declarations of estimated tax, and for underestimate of estimated tax. The taxpayer, O. E.

Powell, died shortly after this suit was instituted and the executrix of the estate was substituted as party plaintiff.

The taxpayer received taxable income for the years 1937 through 1945, but filed no federal income tax returns for those years and also failed to file declarations of estimated tax for 1943 through 1945. The failure of the taxpayer to so file came to the attention of the Internal Revenue Service in January, 1946; whereupon an investigation was begun to determine Powell's taxable income for the years involved. During the years 1937 to 1945 taxpayer owned and operated a number of gasoline service stations, later leasing them to the two sons, Lee G. Powell and Vincent O. Powell, receiving from them rental incomes. Also, taxpayer had, at various times during that period, 19 different properties that he rented, and also during that time he made in excess of 30 real estate sales, farms and residences, and also he had interest income on contracts and commissions from realty sales. In order to determine taxpayer's income it was necessary that the Internal Revenue agents search public records in four counties, determine from the sons how much they leased the stations for, and contact real estate dealers and other parties to the various transactions. This was necessary because the taxpayer had indicated that he kept no records.

Deficiencies in income tax were ultimately determined and assessed for 1937 through 1945, together with fraud and negligence penalties and penalties for failure to file declaration of estimated tax and for a substantial underestimate of tax. The amounts assessed as tax and as penalties are not in controversy here, but only the correctness of the assessment of penalties. At the time of trial, counsel for taxpayer conceded the 25% penalty for wilful failure to file and also conceded the 10% penalty for failure to file declaration of estimated tax, leaving for this court's determination the correctness of the assessments of the 50% fraud penalty and the 6% penalty for substantial understatement of estimated tax.

Admitting the deficiencies in income tax assessed were the correct amount of taxes, taxpayer made payment of taxes and penalties, and this is a suit for refund of those penalties.

This Court has jurisdiction of the parties and the subject matter.

Internal Revenue Code of 1939, provides:

"§ 293. Additions to the tax in case of deficiency. * * * (b) Fraud. If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d) (2)." 26 U.S.C.1952 ed. § 293.

Was the taxpayer's failure to file income tax returns and pay income taxes for the years 1937 through 1945, due to fraud with intent to evade tax within the meaning of the statute?

It is elementary that fraud is never presumed and must be established by competent evidence. Fraud must generally be determined from surrounding inferences and circumstances fairly deduced from the conduct of the parties. "Badges of fraud" as they are referred to in cases of this type, may include, but are not limited to, gross understatement of income, failure to keep proper books and records, failure to cooperate with investigating agents, and the giving of evasive answers. Koscove v. Commissioner, 10 Cir., 225 F.2d 85, at page 87, citing other case.

From the evidence presented and the record herein, it is the opinion of this Court that all of these factors are present in some degree in this case.

As has been pointed out, this case does not involve income tax returns fraudulently filed, but rather is concerned with a situation where there were no tax returns filed at all.

It is the plaintiff's contention that the evidence fails to establish wilful commission on the part of O. E. Powell, but merely shows passive conduct, which passive conduct does not disclose the fraud with intent to evade tax necessary for the assessment of the fraud penalty. Plaintiff relies on a case decided by the 8th Circuit, First Trust & Savings Bank v. U. S., 206 F.2d 97, as being in support of that position.

The case cited and the present case differ in that the taxpayer in the First Trust & Savings Bank case, Mr. Kraftmeyer, although he wilfully failed to make returns required, had never been informed that he was required to file a return, and apparently was under the impression that he had no taxable income, and did not know that he owed any tax. There is further evidence that he cooperated fully with the Internal Revenue Agents.

In the instant case the evidence discloses that Mr. Powell, during this period of his failure to file, made it known that he was not in sympathy with the administration and did not like the way the Government was run and did not believe in paying taxes. He had further indicated that he was thinking of getting his things gathered together and moving out of the country—going to South America where he wouldn't have to pay taxes.

Powell's son testified that he told his father he should be paying income tax, that it was the thing for him to do, and he, the father, said he knew it, but that he didn't pay because he didn't believe in the way the Government was wasting the money; he said he believed in taxation but he didn't believe that the Government should waste the money. His failure to file returns was based primarily upon political convictions.

There is no evidence in the record of alteration or concealment of bank statements, cancelled checks or real estate contracts by the taxpayer. Mr. Powell said he did not have records, and there is no evidence of these having been destroyed or falsely made. However, there was no need for him to make false records or destroy records in contemplation of an investigation by the Internal Revenue Service, when at that time the taxpayer wasn't making or filing any income tax returns. The same thing is true of concealment of assets and the other "badges of fraud" to which reference has been made. The mere fact that these acts were not apparent at the time he was failing to make returns, does not mean that they didn't exist.

The records which Powell kept were adequate for him to carry on his business profitably, yet Powell never volunteered any records, information or contracts. It was only as various transactions were discovered by the Internal Revenue agents and specific requests made for all records and documents pertinent thereto, that they were made available by the taxpayer.

█ Fraud implies bad faith, intentional wrongdoing and sinister motive. It is never implied or presumed. It may comprise conduct, whether of omission or commission, involving a breach of legal duty and resulting in damage to that one to whom the duty is owed.

█ Negligence, whether slight or great, is not equivalent to the fraud with intent to evade tax named in the statute. The fraud meant is actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence does not establish either. Griffiths v. Commissioner, 7 Cir., 50 F.2d 782.

█ Here Mr. Powell's omission was not accidental. It was purposeful, wilful and deliberate omission to file and pay income taxes. Should this Court hold that there was no fraud with intent to evade taxes in this case, it would open the door to all who desire to evade taxes to escape the fraud penalty merely by wilfully and deliberately failing to file. It is the opinion of the Court that this plaintiff's action in so doing, coupled with his failure to keep records and his lack of cooperation in making full disclosure of all real estate transactions to

**312**

the investigating agents, constitute fraud with intent to evade payment of tax, and the fraud penalty provided by Section 293(b), Internal Revenue Code, was properly assessed.

The second question for this Court to determine is the correctness of the penalty assessed for substantial understatement of estimated tax or whether such a penalty is excluded by the penalty for failure to file any declaration of estimated tax whatsoever?

Section 294(d) (1) (A), Internal Revenue Code, provides a 10% penalty for failure to file declaration of estimated tax and Section 294(d) (2) provides for a 6% penalty for substantial underestimate of estimated tax. The Government has assessed both penalties against this taxpayer.

The Government relies on cases decided by the Tax Court to the effect that no declaration of estimated tax is in effect a zero declaration and therefore, in cases such as this, would be a substantial underestimate of estimated tax.

This Court is not inclined to that view, but agrees with the District Court of Georgia in the case of United States v. Ridley, 120 F.Supp. 530, at page 538, in which the Court said,

"* * * However, the addition of 6% for substantial underestimate of estimated tax is improper for the very obvious reason that the tax was not underestimated, indeed, the taxpayer filed no declaration of estimated tax at all and suffers the greater sanction of 10% addition to the tax for the failure, and the failure to pay the tax."

In the opinion of this court this is correct because everyone failing to file a declaration would be guilty of an underestimate, and thus the greater penalty applies to take care of both failures on the part of the taxpayer.

In accordance with this view also is Owen v. United States, 134 F.Supp. 31, decided by the District Court of Nebraska.

For these reasons the plaintiff is entitled to recover the amount assessed as 6% penalty under Section 294(d) (2).

Counsel for the defendant Government may prepare Findings of Fact, Conclusions of Law and Judgment in accordance with the views expressed herein, submitting the original to the Court and serving a copy on opposing counsel.