**J. K. VISE and Annie D. Vise, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13942.**

United States Court of Appeals Sixth Circuit.

May 19, 1960.

W. H. Fisher, Memphis, Tenn., for petitioners.

Sharon L. King, Washington, D. C. (Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., for respondent.

Before O'SULLIVAN *, Circuit Judge, and BOYD and THORNTON, District Judges.

THORNTON, District Judge.

This is a petition for review of the decision of the Tax Court of the United States finding deficiencies in income taxes and additions to tax with respect to the income tax of petitioner J. K. Vise for the years 1945–1948 inclusive, and of petitioners J. K. Vise and Annie D. Vise for the years 1949–1951 inclusive.

Appellants set forth four questions which they claim were answered erroneously by the Tax Court, thereby producing the conclusion we are requested to reverse on this review. Petitioners contend that there was no initial opening net worth base and, therefore, the net worth method utilized by respondent should have been discarded. Petitioners next contend that the Tax Court was in error in failing to discard the year 1945 and hold it not taxable. Petitioners' third contention relates to the cashing, in 1946, of four Series E United States Bonds held by J. K. Vise and his mother. Their claim is that the Tax Court should have taken account of these proceeds for purposes of reducing the 1946 income. Lastly, it is the contention of petitioners that the Tax Court erred in finding petitioners guilty of fraud.

---

* On the day of the oral argument of the case in this Court, Judge O'SULLIVAN was a District Judge sitting by designation. He was sworn in as Circuit Judge on April 4, 1960.

■■ A careful reading of the opinion of Judge Stewart, now Justice Stewart, in Thomas v. Commissioner of Internal Revenue, 6 Cir., 223 F.2d 83, convinces us that the decision of the Tax Court in the case before us should be affirmed. There are not present in this case the shortcomings which prompted reversal in Thomas. On the contrary, the record here discloses that an application of the controlling principles set down in Thomas compels the conclusion we reach. The Thomas case and the cases cited therein are authority for the proposition that net worth is proper where the books or records do not correctly reflect the taxpayers' true income. In the situation presented here it is clear that what scant records were available were highly inadequate as a reflection of true income. We think that the opening net worth figure used here has that degree of reasonable certainty to fulfill the requirement as laid down by the cases which treat this subject.

The rationale of appellants' argument on the "absurdity" of the showing of income for 1945 escapes us, and we are unable to say that the determination of the existence of 1945 income is clearly erroneous. There is ample support for said determination.

■ In relation to petitioners' question III the Tax Court concluded that the record is "patently incomplete"; that there was either no evidence in support of their position, or only self-serving declarations; that the petitioners failed to carry their burden of demonstrating error in the determination of respondent. There is nothing for us to add to this but to say that there is ample basis in the record for the result reached by the Tax Court.

Question IV has been determined by the Tax Court in accordance with well established principles of law, and the Tax Court's application of these principles to a person of petitioner's education and practical experience represents no deviation from fundamental concepts of fairness. The decision of the Tax Court is affirmed.