NORMAN A. PLOUGH AND RUBY BONITA PLOUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Plough v. Commissioner
Docket No. 4566-73.
United States Tax Court
T.C. Memo 1974-318; 1974 Tax Ct. Memo LEXIS 2; 33 T.C.M. (CCH) 1459; T.C.M. (RIA) 740318; December 26, 1974, Filed. Norman A. Plough, pro se. Thomas J. Meyer, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: The Commissioner determined the following deficiencies in and additions to petitioners' income taxes: Additions to Tax Year Deficiency
Sec. 6653(a)
Sec. 6651(a)
1969
$3,580.05
$179.00
--
1970
267.33
13.37
$40.10
Certain concessions have been made. The questions remaining for decision are (1) Whether petitioners omitted taxable income as determined by the Commissioner by means of a net worth statement; and (2) Whether petitioners are liable for additions to tax under sections 6653(a) and 6651(a). [1]
FINDINGS OF *3 FACT Petitioners Norman A. Plough (hereafter Norman) and Ruby Bonita Plough, are individuals who resided in Daleville, Indiana at the time they filed their petition herein. Petitioners filed joint federal income tax returns on the calendar year basis for the years 1969 and 1970. Both returns were mailed in envelopes addressed to the Internal Revenue Service Center in Cincinnati, Ohio. The joint return for 1970 was executed by petitioners in July 1971 and mailed in an envelope postmarked July 6, 1971. The Commissioner used a net worth computation to determine deficiencies reflected in a statutory notice of deficiency mailed on March 16, 1973. OPINION At trial petitioners admitted that proper records were not available to reflect their receipt of income in 1969 and 1970 from a service station operated by Norman. Under these circumstances, we conclude that the use of the net worth method by the Commissioner was fully justified. J. K. Vise, 31 T.C. 220 (1958), affd. 278 F.2d 642 (C.A. 6, 1960), and Frank Imburgia, 22 T.C. 1002 (1954). *4 Petitioners have the burden of proving that the Commissioner's computations were erroneous. Rule 142, Tax Court Rules of Practice and Procedure, and Frank Imburgia, supra at 1010. Petitioners introduced several isolated invoices and numerous summaries prepared by them for trial. Norman testified that complete records were not available and did not present any documents or testimony to indicate where he found the information contained in the summaries. We are bound to conclude that petitioners have not proven erroneous the Commissioner's computations. Accordingly, we sustain those computations as modified by the adjustments recommended by the Commissioner in his brief. Petitioners also bear the burden of proving erroneous the determination of additions to tax under sections 6653(a) and 6651(a). Rule 142, Tax Court Rules of Practice and Procedure, Peter Vaira, 52 T.C. 986, 1004 (1969), reversed on another issue, 444 F.2d 770 (C.A. 3, 1971), and C. Fink Fischer, 50 T.C. 164, 177 (1968). As to the Commissioner's determination of negligence, *5 petitioners made no attempt to prove that systematic records were kept except to introduce Norman's testimony that most of the records he kept were lost in a fire. Petitioners introduced no evidence concerning their failure to file a timely return in 1970. Accordingly, we hold that petitioners have not proven that the determination of either addition to tax was erroneous. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated. ↩