H. DAN HALL and VIVIAN L. HALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 5852-73.
United States Tax Court
T.C. Memo 1978-43; 1978 Tax Ct. Memo LEXIS 477; 37 T.C.M. (CCH) 223; T.C.M. (RIA) 780043; January 30, 1978, Filed Vivian L. Hall, pro se. Juandell D. Glass, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax as follows: Addition to tax under Year
Deficiency
sec. 6653(b), I.R.C. 1954 [1]
1967
$3,558.16
$2,579.78
1968
6,187.48
3,475.22
1969
9,707.97
4,853.98
*478 Several matters have been resolved by previous orders of the Court and by respondent's concessions. Pursuant to Rule 91(f), Tax Court Rules of Practice and Procedure, the Court ordered that the facts and evidence recited in respondent's proposed stipulation of facts be deemed established.At trial it was determined that H. Dan Hall was liable for the deficiencies for 1967, 1968, and 1969 as set forth in the statutory notice of deficiency. This determination was based upon the facts and evidence deemed stipulated and in the absence of an appearance by H. Dan Hall. Also, as to Vivian L. Hall, at trial respondent conceded the deficiencies for 1968 and 1969 and the additions to tax for 1967, 1968, and 1969. Consequently, only two questions remain in issue: 1.Whether Vivian L. Hall is liable for the deficiency determined by respondent for 1967; and 2. Whether H. Dan Hall is liable for the addition to tax under section 6653(b) for 1967, 1968, and 1969. FINDINGS OF FACT Many of the facts have been stipulated and are found as stipulated. *479 Petitioners H. Dan (hereinafter Dan) and Vivian L. Hall (hereinafter Vivian), husband and wife, filed joint Federal income tax returns for 1967 and 1968 with the district director of internal revenue, Cincinnati, Ohio. Dan filed a joint Federal income tax return for 1969 in the names of H.D. and Vivian L. Hall with the district director of internal revenue, Cincinnati, Ohio., but the signature purporting to be that of Vivian L. Hall was a forgery, and the return was not signed by Vivian. Vivian received no taxable income during 1969 and did not file or sign an income tax return for that year. Dan, who was knowledgeable in income tax matters and prepared income tax returns for other individuals, prepared the income tax returns for the years in issue and was not assisted by Vivian. Dan signed his name to each of the returns for the years 1967, 1968, and 1969. During 1967 through 1969, Dan owned and operated a bail bond and insurance business, together with related services, under the name of Dan Hall, Bonds, out of his office at 123 East Court, Cincinnati, Ohio, and out of an office at 110 North Cooper Street, Cincinnati, Ohio, which was managed for him by Vivian L. Hall. *480 Vivian did not receive a salary from Dan Hall or any of the businesses he owned and operated during the years in issue.
During 1967 through 1969 Dan received income from his bail bond and insurance business, interest, automobile license sales, partnership and corporate distributions, income tax return preparation, street guide sales, and rental income. Vivian submitted the records she maintained for the operation of the bail bond office at 110 North Cooper Street to Dan for use in preparing the income tax returns for each of the taxable years 1967, 1968, and 1969. The first contact between petitioners and respondent occurred in April 1969 when respondent's agent went to Dan's business office. The contact was made because no 1967 income tax return could be located for petitioners. At that time, and on numerous other occasions prior to April 24, 1970, Dan told respondent's agent that he had filed his 1967 income tax return, but he later admitted those statements were false. A joint income tax return for H. Dan Hall and Vivian L. Hall for the year 1967, was filed delinquently on April 24, 1970, by Dan. Vivian signed this return. Dan failed to furnish respondent's agents *481 any books and records, other than a few cancelled checks and bank statements. Dan revealed only 3 checking or savings accounts when he was initially interviewed by respondent's agent, but he actually had 13 checking accounts and 8 savings accounts during the period examined. Dan told respondent's agent he was not selling street guides published by his business, Hamco Publishing Co., in 1968 when he was in fact making such sales. Dan told respondent's agents that Kay Knight was an employee of a Florida insurance agency and claimed payments to her or for her benefit as business expenses when in reality she was his son's girlfriend. Dan claimed corporate expenses and losses as proprietorship business expenses and losses on the individual income tax returns for the years in issue. Dan claimed personal nondeductible living expenses as deductible business expenses on the income tax returns filed for the years in issue. Dan's failure to cooperate with respondent's agent during the investigation of petitioner's income tax returns and to produce adequate books and records, among other reasons, caused respondent to reconstruct petitioners' taxable income for 1967, 1968, and *482 1969 under the "source and application of funds" method. Using this method, respondent found that petitioners' adjusted gross income for 1967, 1968, and 1969 was understated by $7,405.58, $14,068.52, and $17,461.21, respectively. Other adjustments included the disallowance of corporate expenses and losses and personal nondeductible living expenses improperly claimed as deductions. During 1967, 1968, and 1969, corrected taxable income, reported taxable income, and understatement of taxable income were as follows: Item
1967
1968
1969
Corrected taxable income
$21,116.09
$25,121.30
$33,013.81
Reported taxable income
6,942.05
1,825.00
1,894.37
Understatement
$14,174.04
$23,296.30
$31,119.44
During 1967, 1968, and 1969, Dan reported only 33 percent, 7.3 percent, and 5.7 percent, respectively, of corrected taxable income. During 1967, 1968, and 1969, petitioners' stipulated personal living expenses exceeded reported adjusted gross income (AGI) as follows: Item
1967
1968
1969
Personal living expenses
$14,939.88
$18,665.30
$23,782.83
Reported AGI
12,774.04
10,979.25
10,705.02
Excess
$ 2,165.84
$ 7,686.05
$13,077.81
Living expenses exceeded
AGI by
17%
70%
122%
*483 Petitioners' cash disbursements for personal living expenses, principal payments on home mortgage, and asset acquisitions during 1967, 1968, and 1969 exceeded the cash available per return by 179 percent, 468 percent, and 311 percent. Dan failed to answer respondent's interrogatories as directed by the Court by order dated November 29, 1976. Dan failed to comply with the Court's order dated December 7, 1967, to show cause why respondent's proposed facts and evidence should not be accepted as established. Dan was informed by Vivian prior to the call of the calendar on January 24, 1977, that respondent would seek a default judgment against him in this case if he failed to appear for the trial of this matter. Dan failed to appear at the call of the calendar or at the trial of this case before the Court on January 24, 1977. ULTIMATE FINDINGS OF FACT Vivian L. Hall is jointly and severally liable for a deficiency in income tax for the taxable year 1967 of $3,558.16. H. Dan Hall is liable for the deficiencies in income taxes asserted by respondent for the taxable years 1967, 1968, and 1969 in accordance with the Court's order at trial. H. Dan Hall's underpayment *484 of tax for 1967, 1968, and 1969 was due to fraud. OPINION Petitioner H. Dan Hall did not appear at the trial of this case and offered no evidence in support of the allegations in his petition. Petitioner Vivian L. Hall did appear at the trial and testified as a witness called by respondent, but offered no affirmative evidence to rebut respondent's determinations. Since petitioners made no effort to stipulate facts and failed to respond to respondent's proposed stipulation of facts, the Court ordered prior to the trial of this case that the facts recited in respondent's proposed stipulation of facts be deemed admitted pursuant to Rule 91(f), Rules of Practice and Procedure, United States Tax Court.Most of our findings of fact are based on the stipulation proposed by respondent. Since Dan failed to appear at the trial respondent moved to dismiss his petition and enter decision against him in accordance with respondent's determinations in the notice of deficiency. The motion was granted insofar as it related to the deficiencies in tax. Since respondent had the burden of proving fraud, the Court took the issue of Dan's liability for additions to tax under advisement. *485 In his opening statement, counsel for respondent conceded that if the evidence showed that Vivian did not sign the 1969 return she would not be liable for the tax and additions to tax determined for 1969. Respondent also conceded that Vivian was not liable for the tax and additions to tax for 1968 under section 6013(e), the innocent spouse provision. And finally respondent conceded that Vivian was not liable for the addition to tax for fraud for the year 1967 because there was no fraud on her part. Thus, the only issues left for decision are (1) whether Vivian is liable for the deficiency in tax for 1967, and (2) whether Dan is liable for the addition to tax for fraud for each of the years 1967, 1968, and 1969. We answer both of these questions in the affirmative.
With respect to Vivian's liability for the deficiency in tax for 1967, Vivian testified that she signed the 1967 return and made no effort to dispute respondent's determination that it was a joint return. Pursuant to section 6013(d) (3) Vivian is liable for the correct tax due for the year 1967. Vivian did not produce any evidence to show error in respondent's determination of the correct taxable income or the correct *486 tax for that year. Furthermore, respondent's determination is fully supported by the facts set forth in the stipulation of facts. Vivian's failure to present any evidence to overcome the presumption of correctness attaching to respondent's determination, see Welch v. Helvering,290 U.S. 111 (1933), requires that we approve respondent's determination. We do so and conclude that Vivian is liable for the deficiency in tax determined by respondent for 1967. Vivian testified that she did not sign the return for 1969 and knew nothing of its preparation or its contents. Respondent has not disputed this testimony. Consequently, pursuant to respondent's concession, we conclude that Vivian is not liable for the deficiency in tax or additions to tax for 1969. Section 6653(b) imposes a 50-percent addition to an underpayment of tax for a particular year that is due to fraud. Whether the underpayment of tax was due to fraud is a question of fact and the burden of proof with respect to fraud is upon respondent under section 7454(a). Our finding of fact that Dan filed the returns for 1967, 1968, and 1969 with the fraudulent intent to evade tax disposes of the fraud issue *487 with regard to Dan. Dan, who also prepared income tax returns for others, consistently understated his taxable income for the years here involved. The understatements were substantial in that during 1967, 1968, and 1969, reported taxable income was only 33 percent, 7.3 percent, and 5.7 percent, respectively, of corrected taxable income. This consistent pattern of substantial understatements is strong evidence of an intent to evade taxes. Merritt v. Commissioner,301 F.2d 484 (5th Cir. 1962). Other indicia of fraud are Dan's failure to cooperate with respondent's agent during the investigation, his failure to produce books and records, his utilization of numerous checking and savings accounts and concealing many of those from respondent's agent, his false statements to the agent on numerous occasions that he had filed his 1967 income tax return when he knew that was not true, his claiming corporate business expenses and losses as his personal deductions, his misrepresentations regard to his son's girlfriend, and the claiming of personal nondeductible living expenses as deductible business expenses on the income tax returns in issue. Harper v. Commissioner,54 T.C. 1121, 1141 (1970); *488 Vise v. Commissioner,31 T.C. 220 (195), affd. 278 F. 2d 642 (6th Cir. 1960). Finally, Dan's failure to respond to the Court's orders, coupled with his failure to appear for trial, suggests that he had nothing to offer in rebuttal of respondent's evidence. Accordingly, H. Dan Hall is liable for the civil fraud additions to tax under section 6653(b) for 1967, 1968, and 1969. We have already found that he is liable for the deficiencies in tax as determined by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise specified.↩