**ROGERS et ux. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8256.

Circuit Court of Appeals, Sixth Circuit.

May 8, 1940.

Theodore B. Benson, of Washington, D. C. (Theodore B. Benson, of Washington, D. C., and H. H. Timmering, of Louisville, Ky., on the brief), for petitioners.

Harry Marselli, of Washington, D. C. (James W. Morris, Sewall Key, and Helen R. Carloss, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Petitioners appeal from a decision of the Board of Tax Appeals (38 B.T.A. 16), assessing deficiencies in income tax and penalties, as follows:

| Year | Tax | 25% Penalty | 50% Penalty |
|------|-----|-------------|-------------|
| 1932 | $1,004.93 | $363.73 | $ 545.68 |
| 1933 | 6,955.03 | | 3,477.52 |
| 1934 | 663.41 | | 298.91 |

The deficiency for 1934 and the 25% penalty assessed because the return for 1932 was delinquent are not contested.

Petitioners, Charles A. Rogers and Louise Rogers, are husband and wife, residing at Owensboro, Kentucky. They own one-half of the outstanding stock of the M & R Canning Company. During the period in controversy Rogers was also engaged in farming, and was city clerk and tax collector of Owensboro. From time to time both petitioners received money or checks from the Canning Company, which was credited to them on the company books.

The first question is whether the Commissioner erred in including in petitioners' gross income for the years 1932 and 1933 certain credits to their accounts on the books of the company. The Commissioner gave credit to petitioners for all such charges on the company books which had been explained, but regarded as income to petitioners all credits less the explained charges, and refused to allow petitioners to deduct from income the unexplained charges. In its opinion, the Board said: "Petitioners concede that all amounts added to income by respondent, representing unexplained credits and bank deposits, constitute taxable income derived by them from legitimate sources, with the exception of three items * * *."

Two of the three items were decided by the Board in favor of petitioners, and that conclusion is not here attacked. The remaining item consists of the amount of $12,000 credited to Rogers' account on the books of the Canning Company and added to income for 1933.

The Canning Company borrowed $12,000 from the Ontario Warehouse Company of Chicago, evidenced by check payable to the Canning Company dated November 29, 1933, which was endorsed by Rogers as president of the Canning Company, and further endorsed by him as tax collector and cashed by him through that office. Rogers received the $12,000 and testified that he used it to reimburse the tax collector's office for funds taken from it by him to pay bills of the Canning Company and to take up his personal checks which he had substituted for the cash taken from the collector's office. Petitioners assert that the $12,000 is part of a credit to Rogers on the books of the Canning Company of $17,582.59, entered December 31, 1933, to offset advances made to the company by Rogers to pay its bills and should not be included in petitioners' income. The Commissioner urges that Rogers personally received the $12,000, and that the burden is on petitioners to prove that it was used to pay corporate expenses.

We think the Board did not err as to this item. The finding of the Commissioner is prima facie correct, and petitioners have the burden of proving what part of the amount determined to be a deficiency is not due. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; United States v. Peabody Co., 6 Cir., 104 F.2d 267; Commissioner v. Volunteer State Life Ins. Co., 6 Cir., 110 F.2d 879, decided March 12, 1940. Petitioners have not sustained this burden. The records of the company were loosely kept, in that Rogers instructed the bookkeeper what entries to make. Petitioners kept no personal records. Evidence as to their income

consists of sketchy memoranda, and information emanating from the uncertain memory of Charles A. Rogers. Rogers' testimony on the point is confused and evasive. He made references to memoranda which were not produced, and stated that he did not know where they were. It was Rogers who directed that the journal entry of December 31, 1933, of $17,582.59, be made. Rogers at the time of the hearing was serving sentence for conviction of embezzlement of city funds. The Board found that there was nothing in the record to show that the check for $12,000 has any relation to the credit of $17,582.59 on the books of the Canning Company. The Board's finding is a determination of a question of fact, and if supported by the record, should be affirmed unless clearly erroneous. Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L. Ed. 1346; Elmhurst Cemetery Co. of Joliet v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491; Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Commissioner v. Johnston, 6 Cir., 107 F.2d 883; Gamble v. Commissioner, 6 Cir., 101 F.2d 565.

Petitioners also contend that the Board erred in holding that petitioners were subject to the 50% penalties for the years 1932, 1933, and 1934, under § 293(b) of the Revenue Acts of 1932 and 1934, 47 Stat. 169, and 48 Stat. 680, 26 U.S.C.A.Int.Rev. Code, § 293(b), which provides for a penalty of 50% of a deficiency to be assessed where any part of the deficiency is due to fraud with intent to evade the tax. The facts as found by the Board clearly show gross discrepancies for all the years in question, as follows:

| Year | Returned Income | Net Income |
|------|-----------------|------------|
| 1932 | $8,913.78 | $18,748.58 |
| 1933 | 1,942.11 | 44,352.26 |
| 1934 | 6,205.98 | 12,978.98 |

Fraud cannot be lightly inferred, but must be established by clear and convincing proof. Duffin v. Lucas, 6 Cir., 55 F.2d 786. It is conceivable that taxpayers may make minor errors in their tax returns, or, owing to different or contradictory theories of tax computation, calculate returns which differ greatly in result from the Commissioner's assessments. Here petitioners do not have that excuse. Discrepancies of 100% and more between the real net income and the reported income for three successive years strongly evidence an intent to defraud the Government. The Board did not err in deciding that 50% penalties should be assessed.

The Board was entitled to consider as a part of the evidence Rogers' conviction for embezzlement of city funds. Wood v. United States, 16 Pet. 342, 10 L.Ed. 987; Castle v. Bullard, 23 How. 172, 16 L.Ed. 424; Butler v. Watkins, 13 Wall. 456, 20 L.Ed. 629; Malone v. United States, 7 Cir., 94 F.2d 281. It is a fair inference that a man who will embezzle funds in his charge will not hesitate to understate his income with intent to defraud the Government. The fact that Rogers was a convicted embezzler had bearing as affecting his credibility. The Board's finding is one of fact, and, if supported by clear and convincing evidence, should be affirmed. Such clear and convincing evidence existed here.

Petitioners' final contention is that they are not jointly and severally liable for the deficiencies and penalties for the years in question, but that each is liable for his or her own individual income tax, and that the assessments should have been allocated by the Commissioner. We think the Board was correct in holding that petitioners are jointly and severally liable.

All the returns were joint returns. The return for 1932 was not voluntarily filed, but was prepared for petitioners in 1935 by a deputy collector and was signed by both petitioners. The return for 1934 was also signed by both. While the 1933 return was signed only by Rogers, it was stated to be a joint return for himself and wife.

Cases relied upon by the petitioners are inapplicable for the reason that in them the source and amount of each spouse's income was definite and certain and the tax was clearly allocable as to each. In the instant case, the credits to each petitioner appearing on the books of the Canning Company and regarded by the Commissioner as income have no relation to the amount of stock of the company owned by each spouse. Mrs. Rogers owned twice as much stock as her husband, but in 1932 the credits to her account were approximately the same in amount as those of her husband, and in 1933 Rogers was credited with an amount greatly in excess of that of his wife. A proper allocation of the tax is impossible from the information furnished to the Commissioner by petitioners.

The decision is affirmed.