Karam Haddad v. Commissioner.
Haddad v. Commissioner
Docket No. 48674.
United States Tax Court
T.C. Memo 1960-112; 1960 Tax Ct. Memo LEXIS 177; 19 T.C.M. (CCH) 599; T.C.M. (RIA) 60112; May 31, 1960
*177 Frank V. Moran, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in the income tax of petitioner and additions to tax for the years 1946 to 1951, inclusive, as follows: Addition to Tax
Sec. 293(b),
Year
Deficiency
IRC of 1939
1946
$ 2,717.35
$ 1,358.68
1947
8,484.54
4,242.27
1948
10,005.69
5,002.85
1949
6,531.14
3,265.57
1950
8,042.03
5,210.54
1951
19,002.05
12,311.41
Petitioner did not appear at the trial and the only question in the case is whether a part of the deficiency for each of the years in question was due to fraud with intent to evade tax. Findings of Fact Petitioner, during the years in question, resided at Wareham, Massachusetts, and he filed his individual income tax returns for the years in question with the then collector of internal revenue for the district of Massachusetts. The Wareham Auto Company, Inc. (hereinafter referred to as Wareham) was a Massachusetts corporation of which petitioner was the president and treasurer and the owner of 47 of the corporation's 50 shares of outstanding capital stock. Petitioner's *178 secretary and bookkeeper owned two shares and William Pimental owned the remaining share of the corporation's stock. Wareham was engaged in the business of selling new and used automobiles. On his income tax returns for the taxable years 1946 to 1951, inclusive, petitioner reported adjusted gross income as follows: Adjusted
Year
Gross Income
1946
$1,040
1947
1,070
1948
1,090
1949
1,140
1950
1,042
1951
1,665
On its income tax returns for the taxable years 1946 to 1950, inclusive, Wareham reported the following: Other
Cost of
Income
Net Income
Year
Gross Sales
Goods Sold
(Rent)
Deductions
(Loss)
1946
$105,664.19
$ 95,496.75
$1,870
$12,037.44
None
1947
179,634.31
168,866.86
2,125
12,174.33
$ 718.12
1948
333,749.82
305,554.00
1,930
16,378.89
13,746.93
1949
240,570.16
231,611.45
2,500
17,565.06
(6,106.35)
1950
120,243.38
107,496.50
1,750
15,663.45
(1,166.57)
Petitioner's and Wareham's income tax returns for the taxable years in question were prepared by or under the supervision of an accounting firm. During said years petitioner caused to be kept two sets of accounting *179 books to reflect the operations of Wareham. One set is called the Comfort set, after the name of the printing firm that supplied the book, and the other, the Reynolds set, after the name of the printing firm that supplied that book. The Reynolds books accurately reflected the operations of Wareham for the years 1947 to 1950, inclusive, with the normal day-to-day transactions of Wareham and they were used for preparing monthly financial statements required by the automobile manufacturing companies. The Comfort books were maintained during the period here involved under the direct supervision of petitioner and petitioner's income tax returns were prepared by the accountant from the Comfort books. Entries in the Comfort books would be made approximately once a month and they were made by Wareham's employees and based on oral statements of petitioner to his employees as to the cost and sales prices of the cars, new and used, disposed of during the month which would be entered in the Comfort record. The Comfort record was incorrect during all of the years here in question in that it did not show receipts for repairs of some automobiles, entirely omitted sales of automobiles, such as 44 *180 sales in 1948, 140 sales in 1949 and 118 sales in 1950, and understated its sales and overstated its expenses. During the taxable years 1946 to 1950, inclusive, petitioner withdrew funds from Wareham in amounts of not less than: 1946
$ 9,567.06
1947
28,655.31
1948
3,909.56
1949
48,820.22
1950
17,992.91
On March 12, 1951, petitioner sold his stock in Wareham to Joseph Baron in consideration of the sum of $94,032.92, composed of the following: Currency
$25,000.00
Mortgage
25,000.00
Check (inventory)
35,468.11
Check - Joseph Baron
1,229.76
Check - Joseph Baron
3,758.13
Check from Packard & Hudson
3,301.92
Used Cars
60.00
Return of Deposits
515.00
$94,332.92
Less payments to other stockholders
300.00
$94,032.92
Shortly after selling his stock petitioner caused the Reynolds' books of Wareham to be destroyed by having them burned in the furnace at the premises of the Wareham Company. On March 18, 1949, petitioner opened an individual checking account at the Buzzards Bay National Bank, Buzzards Bay, Massachusetts, and during the taxable years 1949 and 1950, petitioner deposited receipts from sales of automobiles by Wareham *181 in his individual checking account in said bank. On December 13, 1937, petitioner leased a safety deposit box at the same bank. During the years 1948, 1949 and 1950, petitioner made 41, 51 and 53 visits, respectively, to his safe deposit box at the Buzzards Bay National Bank. The day the $25,000 in currency was received by petitioner as part payment for his stock in Wareham petitioner made a visit to his safety deposit box at the Buzzards Bay National Bank. On his income tax return for the taxable year 1951, petitioner reported a loss on the sale of his stock in Wareham as follows: Date Ac-
Gain or
Kind of Property
quired
Date Sold
Sale Price
Cost
(Loss)
47 shares Wareham Auto
1938
March 1952
$28,876.92
$38,116.86
($9,239.94)
Co., Inc. stock
On March 9, 1956, petitioner was indicted by the Federal Grand Jury for the District of Massachusetts in the United States District Court for wilfully attempting to defeat and evade a part of his income tax due and owing for the years 1950 and 1951 by filing a false or fraudulent income tax return for each of said years. He pleaded not guilty and on April 11, 1957, he was found guilty on each *182 count and thereafter fined and sentenced. Respondent, in his answer to the petition as amended, recomputes the tax as follows: Taxable
Additions to Tax, IRC of 1939
Year
Income Tax
§ 293(b)
§ 294(d)(1)(A)
§ 294(d)(2)
1946
$ 2,299.88
$ 1,149.54
1947
8,230.30
4,115.15
1948
748.55
374.28
1949
17,445.59
8,722.80
None
None
1950
5,435.78
2,717.89
$ 544.56
$ 326.73
1951
20,489.03
10,244.52
1,228.62
2,047.70 To the extent that the above revision increases deficiencies in income tax (for the taxable years 1949 and 1951), respondent has waived same and he has also waived the resultant increase in deficiency in additions to tax under the provisions of section 293(b), Internal Revenue Code of 1939. Respondent has abandoned his claims for additions to tax under the provisions of sections 294(d)(1)(A) and 294(d)(2) for the taxable years 1950 and 1951. Petitioner's deficiencies in income tax for the years in question are as follows: Year
Deficiency
1946
$ 2,299.88
1947
8,230.30
1948
748.55
1949
6,531.14
1950
5,435.78
1951
19,002.05
Petitioner filed a false or fraudulent income tax return for each of the *183 taxable years 1946 to 1951, inclusive. A part of the deficiency determined to be due for each of the taxable years 1946 to 1951, inclusive, was due to fraud with intent to evade tax. Opinion There was no appearance for petitioner at the trial of this case and no evidence was introduced on his behalf and no issue as to the statute of limitations was raised in the pleadings. The burden of proof with respect to the deficiencies (not including additions) was upon petitioner. Under the circumstances we affirm the deficiencies as reduced by concessions of the respondent and as set forth in our findings of fact. The only issue remaining is whether or not a part of the deficiency for each of the years involved was due to fraud with intent to evade tax. The burden on this issue was upon respondent and he must sustain his burden to show fraud by clear and convincing evidence. Convincing evidence of fraud was furnished by the testimony of purchasers of cars, whose purchases were unrecorded on the Comfort books by Wareham's employees and by accountants. All of the evidence which stands unexplained by petitioner shows; the maintenance of two sets of books, the deliberate destruction of *184 the accurate set of books, the failure to record large amounts of receipts in the false books, the deliberate overstating of cost of goods sold, the failure to turn over to the accountant the accurate books for his use in preparing income tax returns, the depositing of corporate receipts in petitioner's individual bank account, the deposit of large amounts of currency in petitioner's lock box, the substantial understatements of taxable income over a period of years, and the petitioner's conviction for income tax evasion for 1950 and 1951. Rogers v. Commissioner, 111 F. 2d 987, affirming 38 B.T.A. 16; David J. Pleason, 22 T.C. 361. Under the circumstances, we hold respondent has met his burden of establishing that a part of the deficiency for the years in question was due to fraud with intent to evade income tax. We have set forth in our findings of fact our finding as to the deficiencies for each of the years involved and we hold that to such deficiencies for each of said years there will be added to tax under section 293(b), I.R.C. of 1939, an amount of 50 per cent of the deficiency. Decision will be entered under Rule 50.