John H. Maxwell and Vera R. Maxwell v. Commissioner.
Maxwell v. Commissioner
Docket No. 82191.
United States Tax Court
T.C. Memo 1964-307; 1964 Tax Ct. Memo LEXIS 32; 23 T.C.M. (CCH) 1895; T.C.M. (RIA) 64307; November 23, 1964
*32 Petitioner John H. Maxwell owned the controlling stock of two corporations - one engaged in the warehousing and fabrication of steel and the other in the erecting of steel and in transportation. He divered to his own use checks received for goods sold or services rendered by the corporations without accounting for the proceeds on his returns or those of either corporation. He had the corporations pay some of his personal expenses. He received other unreported income and claimed excessive depreciation on his returns. He was indicted on four counts for tax evasion and pleaded guilty on two counts, upon which he was convicted. Held: (1) Petitioner's returns were false and fraudulent with intent to evade tax; (2) At least a part of each deficiency in tax was due to fraud with intent to evade tax; (3) Petitioner has not proved error in the deficiencies determined; and (4) The additions to tax are sustained. Robert B. Cannon, Fort Worth Nat. Bldg., Fort Worth, Tex., for the petitioners. Thomas J. Moroney, Jr., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined deficiencies in income tax of the petitioners as follows: Additions to Tax, I.R.C. 1939
Fiscal Year
Section
Section 294
Section 294
ended 8/31
Deficiency
293(b)
(d)(1)(A)
(d)(2)
1951
$35,570.86
$18,786.93
$2,692.56
1952
51,923.52
25,961.76
$4,990.15
3,522.51
1953
45,153.36
22,576.68
3,839.55
2,710.28
1954
37,588.00
18,794.00
3,898.73
2,599.14
*34 Respondent concedes error in determining additions to tax under section 294(d)(2) for the fiscal years ended in 1952, 1953, and 1954. The issues for decision are whether the petitioners in the taxable years had unreported income from dividends on bank stock, director's fees, sales of certain assets, and other sources; whether they overstated the amounts claimed for depreciation; whether they realized gains on the sale of capital stock or automobiles; whether any part of the deficiency in income tax for any of the years was due to fraud with intent to evade tax; and whether they are liable for the additions to tax determined, except for those items conceded by the respondent. In determining the deficiencies, the respondent determined - (a) That the petitioners received dividends on bank stocks in the fiscal years ended in 1951, 1952, 1953, and 1954 in the respective amounts of $699.50, $1,852.90, $2,620, and $701.06, which they did not report for taxation; (b) That petitioners claimed excessive deductions for depreciation in such years in the respective amounts of $4,595.52, $378.88, $14,891.97, and $18,874.75; (c) That petitioners received other unreported taxable income *35 in such years in the respective amounts of $22,351.82, $61,339.50, $47,423.67, and $44,506.80; (d) That petitioners received dividends from Maxwell Steel Company in such years in the respective amounts of $36,093.03, $11,292.49, $5,579.55, and $2,542.46 through payment by that company of personal expenses of the petitioners; (e) That petitioners failed to report gain on the sale of a power crane and of certain automobiles and long-term capital gain upon the sale of certain stock; (f) That petitioners failed to report a part of the fees received by John H. Maxwell as director of corporations; and (g) That petitioners' willful omission of income from the above sources was due to fraud with intent to evade tax. Some of the facts are stipulated. Findings of Fact The stipulation of facts and the exhibits thereto are incorporated herein by this reference. The petitioners are husband and wife. They reside in Fort Worth, Texas. They filed joint individual income tax returns on a cash basis of accounting for fiscal years ended August 31, in 1951, 1952, 1953, and 1954 with the collector or the district director of internal revenue at Dallas, Texas. John H. Maxwell, hereinafter *36 sometimes referred to as the petitioner, has been in the steel business in Fort Worth since about 1930. In 1946 or 1947 and during the taxable years he carried bank accounts with the Fort Worth National Bank, Riverside State Bank, Union Bank & Trust Co., First National Bank, West Side State Bank, and Continental National Bank, all of Fort Worth, and the Granite City National Bank and First National Bank of Elberton, Georgia. In 1948 the petitioner organized two corporations: Maxwell Steel Company, a Texas corporation, to engage principally in warehousing and fabricating steel, and John H. Maxwell & Company, a Delaware corporation, to erect steel at various locations and to transport steel and other property. The petitioner owned all the stock of each corporation except qualifying shares, and was the executive officer of each. The principal place of business of each corporation was Fort Worth, Texas. Each of the corporations had a set of books and a bank account. The petitioner had no personal books but retained bank records, deposit slips, cancelled checks and bank statements; also various memoranda, such as ad valorem tax statements and copies of information returns and of individual *37 income tax returns with supporting data furnished by the accountant who prepared the returns. The petitioner owned capital stock of certain banks. During the taxable years involved he received checks in payment of dividends on such stock. The amounts of such dividends were not reported in full in his income tax returns. Dividends received and not reported in any of the fiscal years involved amounted to $699.50 in the fiscal year 1951, $1,775.00 in fiscal year 1952, and $2,667.50 in fiscal year 1953. During the taxable years the petitioner received certain checks representing payment for scrap material sold to the payers by Maxwell Steel Company. He also received checks representing payments for transportation by one or the other of his corporations, checks in payment for equipment sold by one or the other of such corporations, checks from insurance companies in payment of damage claims made by the corporations, checks from certain railroads in payment of freight and damage claims by Maxwell Steel Company, checks for rental of equipment payable to John H. Maxwell & Co., checks in payment of refunds of gasoline and motor fuel taxes from the State of Texas, checks in payment of insurance *38 dividends, rebates, and credit balances, and checks in reimbursement of expenses paid by one of the corporations. These checks were payable to one or the other of the corporations or, in some instances and at his request, made payable to him. He endorsed by stamp the company name on those payable to a company and cashed the checks, retaining the proceeds or applying them against personal loans. To a limited extent some of the proceeds were reported as income on his or one of the corporation's tax returns, but the proceeds generally were not reported as income on his returns or those of either corporation. The amounts of the checks are stipulated, as well as the amounts of the proceeds reported for tax purposes. The following is a summary of the unreported amounts involved in the checks described above: Fiscal Years
1951
1952
1953
1954
Scrap metal sales
$ 8,704.94
$10,207.22
$ 8,341.79
$ 6,536.30
Transportation charges
2,144.17
2,845.54
11,000.94
12,400.47
Sales of equipment
500.00
24,500.41
450.00
Insurance payments
3,891.21
5,875.67
1,516.50
1,937.59
Railroad claims
$ 48.00
$ 1,838.35
$ 1,326.85
$ 1,996.73
Reimbursements
1,015.94
Rental of equipment
30.30
1,614.00
61.50
15.00
Sale of merchandise
6,666.26
Fuel tax refunds
481.39
885.36
383.64
642.24
Credit balance
127.58
Totals
$15,800.01
$47,894.13
$24,097.16
$30,194.59
*39 The petitioners' returns reported net income and tax liability as follows: Fiscal Years
Returns
1951
1952
1953
1954
Net income reported
$36,982.94
$36,958.73
$24,633.12
$29,052.87
Tax reported
13,277.22
11,896.96
7,101.92
8,516.95
The respondent determined the petitioners' net income and tax liability for the same years in the following amounts: Fiscal Years
Determined
1951
1952
1953
1954
Net income
$97,034.54
$112,851.19
$94,364.38
$89,570.04
Tax liability
48,848.08
63,820.48
52,255.28
46,104.95
In the petitioners' income tax return for the fiscal year ended in 1951 they claimed the standard deduction of $1,000. In that year Maxwell had allowable nonbusiness deductions for interest, contributions and ad valorem taxes amounting to $5,441.98 which were not claimed on the petitioners' return for that year. In the fiscal year 1952 he had allowable deductions for interest, ad valorem taxes and accounting fees of $4,104.46 which were not claimed on the petitioners' return for that year. In the fiscal year 1953 Maxwell paid interest in the amount of $1,006.03 which he was entitled to claim as *40 a deduction but which was not claimed on the petitioners' return for that year. In fiscal 1954 Maxwell had interest, contributions, state tax, and a casualty loss deductible in the total amount of $282.04 which items were not claimed on the petitioners' return for that year, and the amount of salary he received from Maxwell Steel Company was overstated by $6,250 on such return. The petitioner was the defendant in the criminal case of United States of America v. John H. Maxwell, No. 15,302 Criminal, in the District Court of the United States for the Northern District of Texas, Dallas Division. On July 18, 1958, the petitioner was convicted upon his plea of guilty on two counts of the offense of willfully and knowingly attempting to evade and defeat a large part of the income tax owing by him and his wife during the fiscal years ending August 31, in 1952 and 1953. This judgment of guilt and conviction has not been modified and no appeal has been noted or taken therefrom. Consequently, such judgment of guilt and conviction has become final and binding on the petitioner. The petitioner willfully and with intent to evade income tax omitted from his Federal income tax returns substantial *41 amounts of dividends received on bank stock, proceeds of the sales of property, and proceeds of checks in payment of sums due to Maxwell Steel Company or John H. Maxwell & Co., which he diverted to his own use. The petitioners' returns for the fiscal years 1951, 1952, 1953, and 1954 were false and fraudulent with intent to evade tax. At least a part of each of the deficiencies in tax determined herein was due to fraud with intent to evade tax. The petitioners failed to file a declaration of estimated tax for the fiscal years ended in 1952, 1953, and 1954. They filed a declaration for fiscal 1951, estimating a tax of $3,000. They substantially underestimated their income tax for the fiscal year ended in 1951. Opinion The petitioners contend that collection of the deficiencies is barred by the statute of limitations, section 275(a) and (c) of the Internal Revenue Code of 1939. The respondent agrees that the deficiencies are barred unless the petitioners' returns were false and fraudulent with intent to evade tax, section 276(a), Internal Revenue Code of 1939, but contends that such fraud is proved. The burden of proof is upon the respondent to establish fraud, section 7454(a), Internal Revenue Code *42 of 1954. The parties stipulated that the petitioner received and cashed certain checks which were in payment of items sold or services rendered by the corporations, and that the amounts were not reported on the returns of the petitioner or either corporation. The evidence shows that the proceeds were applied to the petitioner's use in the payment of his debts or purchase of bank stocks in his name. Over the four-year period he followed a practice of diverting to his own use substantial amounts paid for goods sold or services rendered by his corporations without accounting for the proceeds. He arranged to have some checks made payable to himself instead of the corporation. Other checks he endorsed for the corporation by stamp. Furthermore, he received substantial amounts of dividends on bank stocks which were not reported. The amounts of income reported for each year were considerably less than the net income shown by the evidence to have been received and not accounted for. Deliberate omission over several successive years of large amounts of income, together with other facts showing concealment of income, may be substantial evidence of fraud. M. Rea Gano, 19 B.T.A. 518 (1930); *43 Charles A. Rogers, 38 B.T.A. 16 (1938), affd. 111 F. 2d 987 (C.A. 6, 1940). The evidence is ample to show that the petitioners' returns were false and fraudulent with intent to evade tax. It follows that the statute of limitations does not bar collection of the deficiencies. The same evidence of fraud justifies the respondent's determination of the addition to tax for fraud authorized by section 293(b), Internal Revenue Code of 1939. At least a part of each deficiency in tax is due to fraud with intent to evade tax. Although not required for our decisions here, we observe that the petitioner was indicted for willfully and knowingly attempting to evade or defeat a large part of the income taxes owing for these taxable years by filing false and fraudulent income tax returns and that he pleaded guilty to the counts as to the fiscal years ended in 1952 and 1953 and was convicted on those counts. Under our recent decision in Arctic Ice Cream Co., 43 T.C. - (Oct. 21, 1964), petitioner is estopped from denying fraud for the fiscal years ended in 1952 and 1953. The burden of proof is upon the petitioner to show error in the respondent's determination of the *44 deficiencies in tax. He concedes that certain amounts due and payable to Maxwell Steel Company and John H. Maxwell & Company, the corporations, came into his hands and were deposited in bank accounts carried in his name, and that many of such items were never entered on the corporate books. He contends that substantial expenditures were made from these accounts for the sole benefit of the corporations and that no deductions were claimed on his returns for such expenditures. He says that after February 18, 1953, some $140,000 of these monies, plus $100,000 borrowed on his personal note, were applied to the corporate business of Maxwell Steel, and that after that date, at least, there were no net takings from the corporations. He contends that he had personally guaranteed the debts of the corporations and pledged all his assets for loans for their use, and that therefore it cannot be said that he derived any taxable income from the fact that certain items payable to one or the other of the corporations were deposited by him in a business bank account in his own name. He says that the respondent failed to prove that any of the deposited funds constituted taxable income to him; that there *45 is no evidence that either corporation had income out of which dividends could be paid at the times the checks came into his hands; and that such transfers of funds between related debtors of a common creditor, the funds remaining pledged to secure the common debt, do not free those funds in a degree sufficient to make them income to the recipient. Further, he contends that the respondent has not proved that he knew these items constituted income or that he deliberately omitted such income from his returns for the express purpose of evading tax. The petitioner's evidence does nothing to contradict the respondent's determination. The excess depreciation claimed is not explained. The receipt of unreported income is not disproved. There is no proof of payment of corporate debts from the petitioner's funds. There is no evidence to show that the corporations did not have earnings sufficient to pay the dividends attributed to them. The petitioners have failed to sustain the burden of proving that the respondent's determination of the amounts of the deficiencies in tax was erroneous. Under these circumstances we find the petitioners liable for such deficiencies in tax. The imposition *46 of the addition to tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939 for failure to file a declaration of estimated tax for the fiscal years 1952, 1953, and 1954 is sustained. Petitioner has given no explanation as to why he failed to file such a declaration and there is no evidence to show that such failure was due to reasonable cause. The petitioners' declaration of estimated tax for the fiscal year 1951 substantially underestimated their tax for such year. The addition to tax under section 294(d)(2) for such underestimate is sustained. Respondent concedes error in the additions to tax for the subsequent taxable years. Decision will be entered under Rule 50.