ROGER V. PALMATEER AND SHERRY D. PALMATEER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palmateer v. Commissioner
Docket No. 3207-79.
United States Tax Court
T.C. Memo 1982-412; 1982 Tax Ct. Memo LEXIS 334; 44 T.C.M. (CCH) 544; T.C.M. (RIA) 82412; July 21, 1982. Roger V. Palmateer and Sherry D. Palmateer, pro se. Dennis Brager, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1971 and 1972 in the respective amounts of $4,930 and $19,291. In addition, he determined that petitioner Roger V. Palmateer (Roger) is liable for additions to tax under section 6653(b) [1] for 1971 and 1972 in the amounts of $2,465 and $9,645, respectively. Respondent filed a motion for partial summary judgment with respect to the deficiencies of both petitioners for both years and with respect to the addition to tax for 1971. *335 When the case was called for a hearing on respondent's motion and for trial on January 20, 1982, there was no appearance on behalf of petitioners. Respondent's motion was taken under advisement; the issue as to the addition to tax for 1972 was submitted for decision on the basis of admissions in the reply to respondent's answer, statements in a request for admissions to which petitioners made no response, and certain exhibits received in evidence. Because petitioners did not respond to the request for admissions, the factual statements therein are deemed admitted. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). We have concluded that the motion for partial summary judgment should be granted and that the facts admitted and deemed to be admitted are sufficient to establish that Roger is liable for the section 6653(b) addition to tax for 1972. At the time the petition was filed, petitioners were legal residents of Surfside, California. They filed joint Federal income tax returns for 1971 and 1972. On the examination of those returns, respondent determined that petitioners omitted substantial amounts of income and *336 claimed business expense and other deductions to which they were not entitled. Roger holds a Bachelor of Science degree in accounting. Through 1970, he held various positions as follows: Years
Employer
Position Held
1962--1964
Homelite Company
Accountant
1965--1966
Roger A. Gray, C.P.A., and
Accounting manager
Grayco Land Escrow, Ltd.
1966--1968
D.M. Palmateer and Associates
Chief accountant
and controller
1968--1970
Bekins Moving and Storage Company
Auditor and financial
consultant
From 1970 to 1972, Roger was employed by Equity Funding Corporation (Equity) as a division controller of its life insurance subsidiary. His duties consisted of monitoring the subsidiary's financial affairs, liquidating funded loans, and financial planning. After 1972, he became a self-employed financial consultant. In addition to these various business activities, Roger earned additional income by preparing business and personal income tax returns for others. Petitioners maintained their records and filed their returns using the cash method of accounting. Roger received income in the amount of $16,248.62 in the form of check No. 47249, dated *337 November 12, 1971, payable to Thomas W. Venzon, and drawn on Equity's account. This income was properly includable in gross income but was not reported on petitioners' 1971 joint return. Roger also received income in 1971 in the amount of $1,395, properly includable in gross income, from the preparation of income tax returns for others, but only $1,225 from that source was reported on petitioners' joint income tax return for 1971. In addition, Roger received wages in the amount of $495, properly includable in his gross income, which he did not report. In 1972, Roger received income of $62,432.10 with respect to his employment which was not recorded on his books for that year. This income was received in the form of checks drawn on the accounts of Equity or Bankers' National Life Insurance Company (Bankers) as follows: Check
Date
Payor
Payee
No.
Issued
Amount
Equity
T. W. Venzon
50347
2/10/72
$36,882.10
Equity
M. E. Vaughn, Jr.
50883
2/24/72
24,000.00
Bankers
Roger
108
5/ 2/72
800.00
Bankers
Roger
110
5/26/72
750.00
Total
$62,432.10
Petitioners did not report this income on their joint income tax return for 1972. *338 Respondent determidned that petitioners understated their taxable income in the amounts of $20,090.62 for 1971 and $62,630.53 for 1972. The receipt of unreported income totaling $16,913.62 in 1971 and $62,432.10 in 1972 has been admitted by petitioners in the reply or deemed admitted as a result of their failure to respond to the request for admissions. The differences between the determined understatements of income and the admitted amounts are attributable to deductions disallowed in the notice of deficiency which were not placed in issue by the petition. Petitioners alleged in their petition that they had a net operating loss carryback deduction from 1975 to 1972 which would extinguish all or part of the deficiency for the latter year, but they failed to respond to a request for the production of documents with respect to that alleged loss. On January 28, 1981, the Court granted a motion to compel production of documents substantiating that loss and stated in the order: Upon failure of the petitioners to comply with this order, the Court will impose sanctions under United States Tax Court Rule 104(c)(2), which will prohibit petitioners to introduce any evidence with respect *339 to any net operating loss carryback from 1975. When the case was called for trial, respondent's counsel requested the Court to enter an order prohibiting petitioners to introduce evidence on that issue, and the Court orally agreed to, and later did, enter a formal order to that effect. In this manner, the net operating loss issue was effectively eliminated from the case. We conclude that there is no genuine issue of material fact as to the deficiencies determined in the notice of deficiency, and that the motion for partial summary judgment should be granted as to them. As to the section 6653(b) addition to tax for 1971, Roger is estopped to deny that any part of the underpaydment was due to fraud. On August 19, 1977, the United States District Court for the Central District of California found him guilty, on his guilty plea, of knowingly attempting to evade and defeat income taxes for 1971 in violation of 26 U.S.C. sec. 7201. Because the district court judgment that Roger was guilty of tax evasion for 1971 required that court to find facts controlling the issue as to Roger's liability for section 6653(b) additions to tax for that year, he is estopped *340 to deny that any part of his underpayment of tax for 1971 was "due to fraud." See, e.g., Plunkett v. Commissioner,465 F.2d 299 (7th Cir. 1972), affg. a Memorandum Opinion of this Court; Moore v. United States,360 F.2d 353 (4th Cir. 1965); Tomlinson v. Lefkowitz,334 F.2d 262 (5th Cir. 1964); Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). For the 1972 addition to tax, the issue is whether any part of the underpayment for that year was "due to fraud" within the meaning of section 6653(b). To establish fraud, the evidence must show intentional wrongdoing on the part of the taxpayer motivated by a specific purpose to evade a tax known or believed to be owing. Marsellus v. Commissioner,544 F.2d 883, 885-886 (5th Cir. 1977), affg. a Memorandum Opinion of this Court; Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The showing must be clear and convincing. Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), affg. in part and revg. in part a Memorandum Opinion of this Court. We think the evidence presented *341 by respondent makes the requisite showing. The record shows that Roger was trained in accounting, had worked as an accountant, controller, and auditor, and was employed during 1972 in a position involving financial planning and management. Such training and employment strongly indicates that he had a thorough awareness of the tax laws. Indeed, he supplemented his income by preparing tax returns for others. The only reasonable inference is that Roger knew that the money he took from Equity was taxable income. Not only did Roger fail to report as taxable income the amounts he received from Equity in 1972, he also failed to record them in his books and records. Because Roger was an accountant by training and experience, he knew that proper accounting did not permit him to select the income items he would record. The inference is that he intended, and attempted, to conceal the receipt of these amounts and thereby evade income tax on them. Moreover, from the record before us, it appears that Roger illegally took from Equity the moneys he failed to report as income. "[I]t is a fair inference that a man who will misappropriate another's funds to his own use through misrepresentation *342 and concealment will not hesitate to misrepresent and conceal his receipt of those same funds from the Government with intent to evade tax." McGee v. Commissioner,61 T.C. 249, 260 (1973), affd. 519 F.2d 1121 (5th Cir. 1975); see also Rogers v. Commissioner,111 F.2d 987, 989 (6th Cir. 1940), affg. 38 B.T.A. 16 (1938). We think Roger attempted to take and convert the misappropriated funds tax-free. We find that part of Roger's 1972 underpayment of tax was due to fraud. In summary, we conclude that there is no genuine issue of material fact as to petitioners' income tax deficiencies for 1971 and 1972 or Roger's liability for the section 6653(b) addition to tax for 1971. We further hold as to Roger that respondent has shown by clear and convincing evidence that part of the underpayfment of tax for 1972 was "due to fraud" and that he is liable for the determined section 6653(b) addition to tax for that year. Accordingly, respondent's motion for partial summary judgment will be granted, and Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩