**John C. LEAHY, Plaintiff,**

v.

**TRANS JONES, INC., et al., Defendants.**

**No. 3:90CV7442.**

United States District Court,
N.D. Ohio, W.D.

May 22, 1992.

Christopher E. Hohenberger, Ritter, Robinson, McCready & James, Toledo, OH, for plaintiff.

William H. Heywood, III, Shumaker, Loop & Kendrick, Toledo, OH, for defendants.

## OPINION AND ORDER

WALINSKI, Senior District Judge.

This cause is before the Court on plaintiff's objections to the February 20, 1992 Report and Recommendation of the United States Magistrate and defendants' response thereto. In accordance with *Hill v. Duriron,* 656 F.2d 1208 (6th Cir.1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a *de novo* determination of the Magistrate's findings to which the plaintiff objects.

1. Ludwick was a member of the Plan committee from May of 1989 apparently until he was terminated in May of 1990.

2. In that letter, defendant Thomas Hummer (Hummer) stated that he, defendant Dean Duffey and Ludwick had been appointed to take over the administration of the Plan.

Plaintiff, John C. Leahy (Leahy), retired from defendant Trans Jones, Inc. (Trans Jones) in May of 1987 at the age of 57. He has brought this lawsuit alleging that the defendants violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* when they refused his request, upon his early retirement, for immediate distribution of the benefits he had accrued in the Trans Jones Employee Stock Ownership Plan (the Plan). Defendants moved for summary judgment and the Magistrate recommended that it be granted in their favor.

■ The first matter that must be dealt with is the standard of review that applies in this case. Plaintiff argues that this Court should review the Plan committee's decisions on a *de novo* basis because those decisions were made by "new management," not by the Plan committee. These decisions had to have been made by new management because the Plan committee was allegedly nonexistent in 1987. Leahy argues that William Ludwick (Ludwick), a named defendant in this case [1], testified in his deposition that the June 1, 1987 letter (June 1st letter) from the Plan committee informing the participants of the decision to deny immediate lump sum distributions to all early retirees, originated with Gary White, the new majority shareholder. He further testified that, to his knowledge, no committee was in existence in 1987. Ludwick's testimony, together with an August 23, 1989 letter from the Plan committee to an attorney representing a co-worker of Leahy's [2] and the language contained in the June 1st letter [3] supposedly conclusively establish that there was no Plan committee in place at the time Leahy retired. Because "new management" is not granted discretionary authority under the terms of the Plan, Leahy argues that the Court should review this case on a *de novo* basis.

3. The letter states that "[t]he new management team believes that [granting immediate lump sum distributions of benefits to early retirees] defeats the purpose of [the Plan]."

However, the Court is not persuaded that the above evidence establishes that there was not a Plan committee in existence in 1987. Ludwick also testified in his deposition that he had merely surmised in his own mind that, when the ownership of Trans Jones changed, the Plan committee was abandoned and no new committee was assigned. The idea was his own impression and was not backed up by anything. The June 1st letter went out over the signature of Bill Covert, the Plan committee's chairman. Hummer has sworn in his affidavit that the committee was in existence and adopted the policy as to immediate lump sum distributions for early retirees. Furthermore, as the Magistrate found, just because "new management" approved of the decision does not warrant a finding that Trans Jones had placed its interests above that of the Plan participants. As such, because the Plan clearly grants the Plan committee the authority to determine how a retiree's benefits are to be paid out, this Court must review those actions as they pertain to Leahy under an arbitrary and capricious standard. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Callahan v. Rouge Steel Co.,* 941 F.2d 456 (6th Cir.1991).

■ Plaintiff's first two objections can be considered together. Essentially, he argues that the Plan was amended by new management: (1) to strip him of his "right to consultation" prior to any decisions being made as to the distribution of his benefits; and (2) to deny all early retirees the right to any benefits prior to their 65th birthday (i.e. normal retirement age). Leahy argues that, pursuant to the terms of the amended Summary Plan Description (SPD), a Plan participant must be consulted prior to the Plan committee reaching a decision on how to distribute that participant's benefits. Because the terms of the SPD supersede the terms of the Plan itself in the event of a conflict between the two,[4] his "right of consultation" was lost when the Plan committee decided that, from January 1, 1987 on, it would no longer grant immediate lump sum distributions to early retirees but would instead hold that distribu-

tion until the retiree reached the age of 65. Furthermore, that decision to deny immediate lump sum distributions to early retirees was allegedly made by "new management," not by the Plan committee.

As discussed above, despite the language in the June 1st letter, this Court is not persuaded that "new management" made the decision to deny early retirees immediate lump sum distributions of their Plan benefits. As the Magistrate found, that decision does not constitute an amendment to the Plan; it merely is a policy adopted pursuant to an existing Plan provision. *See Oster v. Barco of California Employees Retirement Plan,* 869 F.2d 1215, 1220–1221 (9th Cir.1988); *Dooley v. American Airlines, Inc.,* 797 F.2d 1447, 1452 (7th Cir.1986), *cert. denied* 479 U.S. 1032, 107 S.Ct. 879, 93 L.Ed.2d 833 (1987). Furthermore, any "right to consultation" held by the Plan participants by virtue of the SPD is still intact. Despite Leahy's assertions to the contrary, he communicated his wishes to the Plan committee. The fact the committee did not honor those wishes does not mean that they weren't considered. Also, that "right of consultation" still applies to the other possible payouts listed in the SPD.

■ Leahy's last objection is that the Magistrate did not address the issue of equitable estoppel. However, that doctrine is not applicable here. The fact that Trans Jones had in the past granted immediate lump sum distributions to early retirees does not mean that it is now required to do so in all cases. *See Oster, supra,* 869 F.2d at 1219; *Fine v. Semet,* 699 F.2d 1091, 1093–94 (11th Cir. 1983); *Morse v. Stanley,* 732 F.2d 1139, 1144 (2d Cir.1984); *Denton v. First Nat'l. Bank,* 765 F.2d 1295, 1300 (5th Cir.1985).

Accordingly, it is

**ORDERED** that the February 20, 1992 Report and Recommendation of the United States Magistrate is adopted as the Order of this Court.

---

4. The Sixth Circuit has held that, in the event the terms of a plan and an SPD conflict, the SPD's terms will prevail. *See Edwards v. State Farm*

*Mut. Auto. Ins. Co.,* 851 F.2d 134 (6th Cir.1988); *Rhoton v. Central States, Southeast & Southwest Areas Pension Fund,* 717 F.2d 988 (6th Cir.1983).

**FURTHER ORDERED** that defendants' motion for summary judgment is granted. Cause dismissed.